**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

TIMPRE SYLVA,                          :
    Plaintiff and Counter-Defendant,   :
                                       :
       v.                          :          No. 5:21-cv-04102
                                       :
JACKSON UDE,                           :
    Defendant and Counter-Claimant.    :

_____

**O P I N I O N**
**Plaintiff's Motion to Dismiss and to Strike Affirmative Defenses, ECF No. 29 – Granted in part and Denied in part**

**Joseph F. Leeson, Jr.**                          **February 3, 2022**
**United States District Judge**

## I.    INTRODUCTION[1]

Timpre Sylva sued Jackson Ude for defamation. Ude filed counterclaims, alleging that Sylva's lawsuit is negligent and an abuse of process. Ude also raised 18 affirmative defenses to Sylva's defamation claim.

Sylva then filed a motion to dismiss Ude's counterclaims and to strike four of the affirmative defenses. The Court dismisses both of Ude's counterclaims for failing to state a claim upon which relief can be granted and strikes three of his affirmative defenses.

---

[1]    This case is essentially a copy and paste of another case currently being litigated in this Court: _Wabote v. Ude_, 5:21-cv-02214-JFL. The claims, counterclaims, affirmative defenses, and defendant are all the same. Counsel for both parties are the same, and the facts are nearly identical. The only difference is the identity of the plaintiffs. As a result, this Opinion is largely a restatement of what the Court held in the related case. _See generally Wabote v. Ude_, No. 5:21-CV-2214, 2021 WL 4901809 (E.D. Pa. Oct. 21, 2021).

Case 5:21-cv-04102-JFL   Document 35   Filed 02/03/22   Page 2 of 12



## II.    BACKGROUND[2]

Sylva resides in Nigeria and serves as the Minister of State for Petroleum Resources. *See* Am. Compl., ECF No. 2. Ude resides in Reading, Pennsylvania and runs a website called "Point Blank News."

Sylva sued Ude for defamation, claiming that Ude published numerous articles on his website and more than a dozen tweets that paint Sylva as a "corrupt and disloyal public servant." *Id.* According to Sylva, Ude knows the articles and tweets contain false information. *Id.* The statements report, among other things, that the U.S. Government banned Sylva from entering the United States and that the Economic and Financial Crimes Commission of Nigeria investigated him. *See id.* ¶¶ 23, 48(i). Sylva further alleges that Ude's statements were "made with reckless disregard for their truth" and have caused "harm to Mr. Sylva's business and professional integrity and reputation." *Id.* 18.

According to Ude, Sylva brought the lawsuit simply to harass him. Ude therefore filed an Amended Answer and Counterclaims. *See* Am. Ans., ECF No. 27. In the Amended Answer and Counterclaims, Ude asserts that Sylva was negligent for bringing his lawsuit (Counterclaim I) and that Sylva's suit is an abuse of process (Counterclaim II). *See id.* 9 and 11.

To support his claim for negligence, Ude asserts that "Sylva owes him the duty of care to properly use the process of the court and not to abuse the process of the court to Ude's detriment." *Id.* 11. According to Ude, Sylva's actions have caused him to suffer "damages and emotional distress, incurred losses, attorney's fees, costs and expenses." *Id.* 8.

---

[2]    The facts of this section are taken largely from the Amended Answer and Counterclaims and accepted as true, with all reasonable inferences drawn in Ude's favor. *See Lundy v. Monroe Cty. Dist. Attorney's Office*, No. 3:17-CV-2255, 2017 WL 9362911, at *1 (M.D. Pa. Dec. 11, 2017), *report and recommendation adopted*, 2018 WL 2219033 (M.D. Pa. May 15, 2018). The Court's recitation of the facts does not include legal conclusions or contentions unless necessary for context. *See Brown v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, No. 1:19-CV-1190, 2019 WL 7281928, at *2 (M.D. Pa. Dec. 27, 2019).

2
020322

To support his claim for abuse of process, Ude asserts that "Sylva filed [his] civil action, primarily to accomplish purposes for which the process was not designed, causing Ude severe harm and damages." *Id.* 9. According to Ude, Sylva perverted "the process in this case to disparage Ude" by referring to him as "'a blogger' when Sylva knew or ought to have known, that Ude is a professional journalist." *Id.*

In his Amended Answer and Counterclaims, Ude also raises 18 affirmative defenses to Sylva's defamation claim: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) forum non conveniens; (5) insufficient service of process; (6) failing to state a claim for which relief can be granted; (7) failure to join under Rule 19; (8) truth of the statements; (9) "justification"; (10) statute of limitation; (11) "absolute privilege"; (12) "conditional privilege"; (13) "fair report and accurate report privilege"; (14) unclean hands; (15) bad faith; (16) laches (17) "opinion"; and (18) "plaintiff is libel proof." *See id.* 6–8.

Sylva then filed a Motion to Dismiss and Strike Affirmative Defenses. *See* Mot., ECF No. 29. In his Motion, Sylva argues that both of Ude's counterclaims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See id.* 5. He also argues that the Court should strike several of Ude's affirmative defenses—(1), (2), (3), and (13)—under Rule 12(f) of the Federal Rules of Civil Procedure.[3]

## III.    LEGAL STANDARDS

### a.  Rule 12(b)(6) — Review of Applicable Law

Under Rule 12(b)(6), a defendant may make a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a motion to

---

[3] Sylva also asks this Court to strike affirmative defense (4) forum  non conveniens. *See* Mot. 1. However, Sylva does not present any argument for striking this affirmative defense, so the Court does not address it further. The burden is on Sylva to show why the affirmative defense should be struck. *See Great W. Life Assur. Co. v. Levithan*, 834 F. Supp. 858, 864 (E.D. Pa. 1993). Sylva cannot meet his burden without presenting any argument.

dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (cleaned up). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Additionally, when ruling on a motion to dismiss, the Court may "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputed authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F. 3d 223, 230 (3d Cir. 2010).

### b. Rule 12(f) — Review of Applicable Law

Under Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "In order to succeed on a motion to strike, the moving party must show that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that the moving party is prejudiced by the presence of the allegations in the pleading." *Great W. Life Assur. Co. v. Levithan*, 834 F. Supp. 858, 864 (E.D. Pa. 1993).

## IV.   ANALYSIS

Sylva contends that both of Ude's counterclaims should be dismissed because they do not "meet the pleading standard as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)." Mot. 4. He also argues that Ude's affirmative defenses (1), (2), (3), and (13) should be struck because they are "insufficient" or do not apply in this case. *See id.*

The Court first addresses Ude's counterclaims and then the affirmative defenses at issue. Ultimately, the Court agrees with Sylva that Ude's counterclaims are insufficiently pled and dismisses them with prejudice. It also agrees with Sylva that Ude's affirmative defenses (1), (2), and (3) are insufficient and strikes them. However, it disagrees with Sylva regarding Ude's affirmative defense (13) and denies his request to strike it.

### a.   Ude did not sufficiently plead his counterclaims.

Ude's first counterclaim is for negligence. "Negligence requires the plaintiff establish four elements: 1) the defendant owed the plaintiff a duty; 2) the defendant breached the duty; 3) the plaintiff suffered actual harm; and 4) a causal relationship existed between the breach of duty and the harm." *Adams v. Wells Fargo Bank, N.A.*, No. CV 16-0907, 2017 WL 6619015, at *2 (E.D. Pa. Dec. 27, 2017) (citing *Freed v. Geisinger Med. Ctr.*, 910 A.2d 68, 72 (Pa. Super. Ct. 2006)). Ude's negligence counterclaim does not make it past the first element. Other than stating a legal conclusion that Sylva owes a duty to Ude, the Counterclaim "fails to identify a legally cognizable duty owed by" Sylva to Ude. *Id.* Further, Ude simply recites the elements of a negligence claim without stating more. This is not enough to survive a motion to dismiss under Rule 12(b)(6). *See Twombly*, 550 U.S. at 545 (explaining that a complaint "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements"). Ude's negligence counterclaim is therefore dismissed.

Ude's second counterclaim is for abuse of process. "To state a proper claim for abuse of process under Pennsylvania law, a plaintiff must allege that: (1) the defendant used a legal process against the plaintiff; (2) the action was primarily to accomplish a purpose for which the process was not designed; and (3) harm was caused to the plaintiff." *Peek v. Whittaker*, No. 2:13-CV-OI188, 2014 WL 2154965, at *6 (W.D. Pa. May 22, 2014) (citing *Rosen v. Am. Bank of Rolla*, 627 A.2d 190, 192 (Pa. Super. Ct. 1993)). An abuse of process claim "does not lie where the defendant simply had cruel intentions or acted from spite or with an ulterior motive." *Id.* at *7 (cleaned up). "[T]here must be an act or threat not authorized by the process, or the process must be used for an illegitimate aim such as extortion, blackmail, or to coerce or compel the plaintiff to take some collateral action." *Al Hamilton Contracting Co. v. Cowder*, 644 A.2d 188, 192 (Pa. Super. Ct. 1994) (citing *Rosen v. Tesoro Petroleum Corp.*, 582 A.2d 27, 32–33 (Pa. Super. Ct. 1990)).

Here, Ude's counterclaim for abuse of process fails for the same reason it failed in *Wabote v. Ude*, No. 5:21-CV-2214, 2021 WL 4901809 (E.D. Pa. Oct. 21, 2021). In *Wabote*, this Court explained that under Pennsylvania law, an abuse of process claim does not arise with the mere filing of a lawsuit. *See id.* at *7–*8. Instead, an abuse of process claim arises only after a lawsuit has started and a party uses the legal process as a tactical weapon to coerce a desired result that is not the legitimate purpose of the process. *See id.* Thus, Ude's abuse of process claim fails to state a claim upon which relief can be granted because Sylva's suit has only just begun.

Even if this case was not in its infancy, Ude's abuse of process counterclaim is not sufficiently pleaded. Ude's allegation that Sylva "pervert[ed] the legal process and abuse[d] the course of justice" is a legal conclusion. *See* Am. Ans. 10. Ude's other allegations supporting this counterclaim are few and just as conclusory. Indeed, any person on the receiving end of a lawsuit could make the same conclusory statements. Referring to Ude as a "blogger" instead of a "professional journalist" in the Amended Complaint does not rise to the type of behavior that would

amount to an abuse of the legal process. Even if Sylva brought his suit with malice, that would not be enough to support an abuse of process claim. *See Peek*, No. 2:13-CV-OI188, 2014 WL 2154965, at *7 (explaining that an abuse of process claim does not lie just because the other party "had cruel intentions or acted from spite or with an ulterior motive."). For these reasons, Ude's abuse of process counterclaim is dismissed.

### b.   Ude's affirmative defenses (1), (2) and (3), are struck but affirmative defense (13) is not struck.

In his Amended Answer and Counterclaims, Ude lists multiple affirmative defenses. However, they are stated in boilerplate like language with almost no support. Defenses (1), (2), and (3) are especially without merit. Affirmative defense (13), however, survives. The Court addresses each in turn.

### i.   *Affirmative defense (1)—lack of subject matter jurisdiction*

Ude's first affirmative defense is that that Sylva's suit should be dismissed because this Court lacks subject matter jurisdiction over Sylva's defamation claim. Federal courts have limited jurisdiction, and the "[Plaintiff] bears the burden of demonstrating subject matter jurisdiction." *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009). Jurisdiction through diversity is one way for a plaintiff to bring their case in federal court. *See* 28 U.S.C. § 1332(a). For diversity jurisdiction to exist, the plaintiff must show two things. First, the amount in controversy must exceed $75,000. *See id.* This requirement is met when the plaintiff's request for relief is greater than $75,000, and it is not "a legal certainty that the plaintiff cannot recover" the necessary amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Second, the suit must be between citizens of different states or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). For individuals, their citizenship is where they are domiciled. *See Messick v. S. Pa. Bus Co.*, 59 F. Supp. 799, 800 (E.D. Pa. 1945) ("Citizenship and domicile are substantially

synonymous terms and, with respect to the jurisdiction of federal courts, domicile is the test of citizenship." (citing, *inter alia*, *Bjornquist v. Bos. & A.R. Co.*, 250 F. 929, 933 (1st Cir. 1918)).

In addition to punitive and exemplary damages, Sylva seeks damages not less than $10,000,000. *See* Am. Compl. 19. This is clearly above the $75,000 threshold, and it is not a legal certainty that Sylva cannot recover the necessary amount. The first element for diversity jurisdiction is therefore satisfied. Moreover, complete diversity of citizenship exists between Sylva and Ude; Sylva is a citizen of Nigeria, and Ude is a citizen of Pennsylvania. The second element for diversity jurisdiction is therefore satisfied. As a result, it appears that this Court has subject matter jurisdiction over Sylva's claim by way of diversity.

Ude does not make any argument that refutes diversity jurisdiction in his Amended Answer and Counterclaims or in his response to Sylva's Motion. Nor does he support this affirmative defense with any facts elsewhere in any of the parties' pleadings. The Court therefore strikes this affirmative defense.[4] *See Balon v. Enhanced Recovery Co., Inc.*, 316 F.R.D. 96, 104 (M.D. Pa. 2016) (explaining that in order to survive a motion to strike, a defendant must "satisfy the fair notice requirement by including a short and plain statement of the grounds for asserting an affirmative defense that demonstrates a logical relationship to the lawsuit or refer to general facts elsewhere in any parties' pleadings") (cleaned up).

### ii.   *Affirmative defense (2)— lack of personal jurisdiction*

Ude next raises the affirmative defense that the Court should dismiss Sylva's suit because it does not have personal jurisdiction over Ude. Personal jurisdiction refers to a court's ability to exercise control over a defendant based on "the defendant's relationship to the forum State."

---

[4]      The Court notes that even though it strikes Ude's affirmative defense of lack of subject matter jurisdiction, subject matter jurisdiction cannot be waived, and the Court must dismiss the case if it loses subject matter jurisdiction over the case at any point during the proceedings. *See* Fed. R. Civ. P. 12(h)(3).

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty*., 137 S. Ct. 1773, 1779

(2017) (citing, *inter alia*, *Walden v. Fiore*, 571 U.S. 277, 283 (2014)). There are two types of

personal jurisdiction—general and specific. *See id.* Specific jurisdiction requires that the plaintiff's

claim "arise out of or relate to the defendant's contacts with the forum." *Id*. (cleaned up). General

jurisdiction, however, gives a State the authority to exercise jurisdiction over any individual who is

domiciled in the State. *Id*. "A court with general jurisdiction may hear *any* claim against that

defendant, even if all the incidents underlying the claim occurred in a different State." *Id*. (emphasis

in original) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)). A

federal court's personal jurisdiction reaches as far as the State in which the federal court sits. *See*

Fed. R. Civ. P. 4(k)(1)(A).

 As a citizen domiciled in Pennsylvania, Ude is subject to the State's general jurisdiction. *See*

42 Pa. C.S. § 5301(a)(1)(ii) (granting the Commonwealth general jurisdiction over individuals who

are "[d]omicile[d] in this Commonwealth at the time when process is served"). Since this Court's

jurisdiction reaches as far as the State in which it sits, and this Court sits in Pennsylvania, it follows

that this Court has general jurisdiction over Ude, which means it may "hear 'any and all claims'

against" him, including Sylva's defamation claim. *Skidmore v. Led Zeppelin*, 106 F. Supp. 3d 581,

585 (E.D. Pa. 2015) (quoting *Goodyear*, 564 U.S. at 919).

 Ude does not make any argument that refutes general personal jurisdiction in his Amended

Answer and Counterclaims or in his response to Sylva's Motion. Nor does he support this

affirmative defense with any facts elsewhere in any of the parties' pleadings. The Court therefore

strikes this affirmative defense. *See Balon*, 316 F.R.D. at 104.

### iii.   *Affirmative defense (3)—improper venue*

 Ude next argues that Sylva's suit should be dismissed because venue is improper. Since this

Court has determined that it has personal jurisdiction over Ude, venue is proper in this case in "a

judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391 (b)(1). Ude is the only defendant, and he resides in this district. Venue is therefore proper.

Ude does not make any argument that refutes venue being proper under 28 U.S.C. § 1391 (b)(1). Nor does he support this affirmative defense with any facts elsewhere in any of the parties' pleadings. The Court therefore strikes this affirmative defense. *See Balon*, 316 F.R.D. at 104.

### iv.   *Affirmative defense (13)— fair report and accurate report privilege*

Ude also raises the "fair report and accurate report privilege" as an affirmative defense to Sylva's defamation claim. Am. Ans. 7. "Under the common law republication rule, one who repeats a defamatory statement is as liable as the original defamer." *Friedman v. Israel Labour Party*, 957 F. Supp. 701, 709 (E.D. Pa. 1997). The fair report privilege, however, provides an exception for publishing "accounts of public proceedings or reports despite their defamatory nature." *Id.* In other words, one is not liable for defamation so long as they report "a fair and accurate summary" of public proceedings or reports "and the account was not published solely for the purpose of causing harm to the person defamed." *Id.* This is true even if the report contains false and inaccurate information. *See id.* The fair report privilege includes republication "of official acts of foreign governments." *Id.* at 710.

Ude argues that the fair report privilege applies to the alleged defamatory articles and tweets because they are "based on what was already in the public domain." *See* ECF No. 33. Sylva argues that the privilege does not apply here because Ude "fails to establish that his defamatory publications are accounting any public proceedings or reports." Mot. 10. However, Sylva applies the wrong standard at this stage of litigation. Sylva's proposed standard would be more appropriate at the summary judgment stage, not for a motion to strike.

To survive a motion to strike, Ude need only "satisfy the fair notice requirement by including a short and plain statement of the grounds for asserting an affirmative defense that demonstrates a logical relationship to the lawsuit or refer to general facts elsewhere in any parties' pleadings." *Balon.*, 316 F.R.D. at 104 (cleaned up). Contrary to Sylva's argument, Ude does not need to *establish* that the alleged defamatory statements were a fair report of public proceedings in order to assert it as an affirmative defense. Indeed, the affirmative defense need not even be plausible at this point. *See id.* ("the [affirmative defense] need not rise to the level of plausibility, but allegations must exist somewhere in the pleadings such that parties and the court may draw a logical inference from the asserted defenses to the events underlying litigation") (cleaned up).

Here, Ude has included a short plain statement of the grounds for asserting the fair report privilege as an affirmative defense. Further, at least some of the alleged defamatory statements could conceivably fall under the fair report privilege. For example, the statements allegedly report that the U.S. Government banned Sylva from entering the United States and that the Economic and Financial Crimes Commission investigated him. *See* Am. Compl. ¶¶ 23, 48(i). If these reports are fair and accurate, they could be protected as a summary of official government acts. This is enough for this affirmative defense to survive, at least for now. *See Friedman*, 957 F. Supp. at 709 (explaining that summary disposition is appropriate for deciding whether the fair report privilege applies if the "record contains no evidence from which a jury might" differ on).

In sum, affirmative defenses (1), (2), and (3) are either insufficient or do not apply in this case. Moreover, they are not supported by Ude's arguments, or any facts found anywhere in the parties' pleadings. They are "unworthy of consideration" going forward, and any additional litigation over them would be a waste of the Court's and the parties' time and resources. *See Great W. Life Assur. Co.*, 834 F. Supp. 858, 864. Affirmative defenses (1), (2), and (3) are therefore

struck. Affirmative defense (13), however, is supported by a plain statement that provides sufficient notice to Sylva. It is therefore not struck.

## V.      CONCLUSION

Both of Ude's counterclaims are dismissed with prejudice because they fail to state a claim upon which relief can be granted. Affirmative defenses (1), (2), and (3) are struck because they are insufficient and do not apply in this case. Affirmative defense (13) is not struck because it is supported by a plain statement that provides sufficient notice to Sylva.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge