**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| TIMIPRE SYLVA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:21-cv-4102 |
| | : | |
| JACKSON UDE, | : | |
| Defendant. | : | |

_____

# **O R D E R**

**AND NOW**, this 25[h] day of March, 2022, upon consideration of the Defendant's motion for sanctions, *see* ECF No. 41, the Plaintiff's response, *see* ECF No. 43, and the Defendant's reply, *see* ECF No. 44, **IT IS HEREBY ORDERED THAT** the Defendant's motion, ECF No. 41, is **DENIED**.[1]

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

_____

[1]     Defendant relies on 18 U.S.C. section 1512 for his request for sanctions. However, that section is for imposing criminal sanctions in criminal cases. *See Arthur Andersen LLP v. United States*, 544 U.S. 696, 703 (2005). Its purpose is to protect victims and witnesses of Federal crimes, not to impose sanctions in civil cases like this one. *See United States v. Lester*, 749 F.2d 1288, 1292 (9th Cir. 1984).
        Even if section 1512 could be a basis for imposing sanctions in this case, the Court would still deny Defendant's motion because Plaintiff's alleged conduct is not so serious that it merits sanctions. *See Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007) ("The decision to impose sanctions . . . and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court.").